[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 08, 2008
THOMAS K. KAHN
CLERK

No. 07-15767
Non-Argument Calendar

_____

D. C. Docket No. 07-00234-CR-IPJ-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PENNY MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 8, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Penny Morris appeals her conviction for theft of government funds, in violation of 18 U.S.C. § 641. On appeal, Morris argues that the government failed to present evidence that she willfully, knowingly, and intentionally took government funds that did not belong to her. Morris contends that the evidence presented at trial demonstrated only that (1) she verified her mother's date of death, as requested by the Department of Veterans Affairs ("VA"); (2) the VA eventually terminated the payment of benefits in May 2006, but did not notify her that the benefits should have ceased upon her mother's death; and (3) when she finally was advised that she was not entitled to VA benefits, she immediately offered to repay the value of the benefits that she had received. Although Morris concedes that she spent a small amount of the benefit payments that had been deposited in her mother's checking account, she argues that the government failed to prove, beyond a reasonable doubt, that she knew that she was not entitled to the payments or that she spent a portion of those funds with the specific intent to deprive the government.

For the reasons set forth more fully below, we affirm.

We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds. United States v. Yates, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (en banc). In reviewing a sufficiency of the evidence challenge,

we consider "the evidence in the light most favorable to the government." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We also make all reasonable inferences and credibility choices in favor of the government and the jury's verdict. Id. We must affirm "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." Id. "The evidence need not exclude every hypothesis of innocence or be completely inconsistent with every conclusion other than guilt because a jury may select among constructions of the evidence." United States v. Bailey, 123 F.3d 1381, 1391 (11th Cir. 1997).

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any . . . thing of value of the United States or of any department or agency thereof. . . Shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 641. A defendant may be convicted for theft of government property, under 18 U.S.C. § 641, if the government establishes: (1) that the money described in the indictment belonged to the United States or an agency thereof; (2) that the defendant stole or converted the property to her own use; and (3) that the defendant did so knowingly with intent to deprive the government of the money. See United States v. Moore, 504 F.3d 1345, 1348 (11th Cir. 2007).

Here, the testimony in the instant case established that the VA benefits paid

3

to Morris's mother, Wanda Joyce Gillis, should have ceased upon Gillis's death in May 2003. Upon request from the VA Insurance Office, Morris verified the date of her mother's death in 2003, and the Insurance Office subsequently stopped making deposits to Gillis's account. The VA, however, continued to deposit Gillis's other benefits into her account for three years after her death, and Morris spent a portion of those funds. Morris does not dispute these facts.

Similar to the facts presented in Moore, the VA did not send Morris any notification that she was not entitled to receive her mother's VA benefits or advise her of any overpayment. See Moore, 504 F.3d at 1349. In Moore, however, the defendant believed that he was entitled to the VA benefits that were deposited into an account he previously held together with his mother, who had told him that the payments resulted from an annuity that would continue after her death. Id. at 1348. Here, there was no evidence or testimony to suggest that Morris converted the funds in her mother's account for her own personal use under the belief that she was entitled to receive such benefits. To the contrary, the testimony presented at trial established that Morris spent a portion of the funds deposited by the VA with the knowledge that those benefits should not have continued past her mother's death and, thus, intended to deprive the government of those funds.

The VA frequently advised beneficiaries and their families to report any

changes in status, such as a death or remarriage. Upon verifying her mother's death with the VA Insurance Office, Morris inquired about the overpayment of insurance benefits and sent a check to reimburse the VA. SouthTrust Bank employees advised Morris that the VA continued to deposit other benefits into her mother's account and told Morris that it was her responsibility to notify the VA of her mother's death and to close her mother's account once any outstanding checks had cleared. SouthTrust employees further advised Morris that the VA could reclaim any funds that were erroneously deposited to the account. Morris acknowledged that the VA could reclaim funds from the account and told the bank that she expected that the VA would do so. Nevertheless, Morris failed to close her mother's checking account and continued to spend the funds deposited by the VA. Morris further offered to repay the benefits that she had spent and admitted that she knew that the payments would not have continued had the VA known of her mother's death. Based on this evidence, the jury could infer that Morris knew that she was not entitled to the VA benefits and, therefore, intended to deprive the government of those funds when she spent them. Accordingly, the evidence presented was sufficient to sustain Morris's conviction for theft of government property.

In light of the foregoing, Morris's conviction is **AFFIRMED.**